UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-80760-LEIBOWITZ/REINHART

ERIC GORDON,

                Plaintiff,

vs.

ORRUS DEAN SCOTT, et al.,

                Defendants.
_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO REMAND (ECF No. 9)

Plaintiff Eric Gordon initiated this action for quiet title and partition of property located in Palm Beach County against Defendants Orrus Scott and James Withrow in Florida state court on October 13, 2023. Because this matter was improperly removed to this Court by *pro se* Defendant Withrow, I RECOMMEND that Plaintiff's motion to remand (ECF No. 9) be GRANTED.

*Pro Se* Defendant Withrow's notice of removal contends that this Court has jurisdiction over this lawsuit because it involves federal questions. ECF No. 1 at 3. Notably, neither the state court complaint nor Mr. Withrow's foreclosure counterclaim involves any controversy arising under the Constitution or a federal statute. Instead, Mr. Withrow bases his removal on variety of federal criminal statutes and he seeks to have this matter referred for federal criminal prosecution.

As the removing party, Mr. Withrow has the burden of showing by a preponderance of the evidence that federal jurisdiction exists. *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009); *McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir. 2002).

> "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Id.* This rule exists for a reason. "Where a federal court proceeds in a matter without first establishing that the dispute is within the province of controversies assigned to it by the Constitution and statute, the federal tribunal poaches upon the territory of a coordinate judicial system, and its decisions, opinions, and orders are of no effect." *Miller Brewing,* 663 F.2d at 548; *see also Am. Tobacco,* 168 F.3d at 411 ("A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts."). Accordingly, "the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits." *Miller Brewing,* 663 F.2d at 548–49.

*Meyer v. Health Mgmt. Assocs., Inc.*, 841 F. Supp. 2d 1262, 1266 (S.D. Fla. 2012) (J. Scola).

Here, Mr. Withrow has not met his burden of establishing by a preponderance of the evidence that federal jurisdiction exists. Indeed, the Statement of Claim contained in the Notice of Removal reveals that this action is properly adjudicated in state court; the Statement of Claim summarizes Mr. Withrow's argument that Plaintiff has "no ownership interest in the subject property" because the prior owner equitably transferred title to Mr. Withrow. Because there is no basis for federal jurisdiction, this matter should not have been removed to federal court.

## **RECOMMENDATION**

Based on the foregoing, I RECOMMEND that Plaintiff's Motion to Remand (ECF No. 9) be GRANTED and that the remaining pending motions be denied as moot.

## **NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with United States District Judge David S. Leibowtiz, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 9th day of July 2025.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

3