UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:25-cv-80760-LEIBOWITZ/AUGUSTIN-BIRCH

**ERIC GORDON,**

 *Plaintiff*,

v.

**ORRUS DEAN SCOTT,** *et al.,*

 *Defendants.*
_____/

## ORDER AFFIRMING AND ADOPTING
## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon United States Magistrate Bruce Reinhart's Report and Recommendation on Plaintiff's Motion to Remand ("the R&R") [ECF No. 18], entered on July 9, 2025.  On June 16, 2025, Defendant James Withrow filed a notice of removal removing this case to federal.  [ECF Nos. 1, 3].  Plaintiff moved to remand the action on June 24, 2025, arguing that the action does not involve any federal claims, that Defendant's removal was untimely, and that Defendant's other asserted bases for removal are criminal, whereas 28 U.S.C. § 1441 only permits the removal of civil cases.  [ECF No. 9 at 2–3].

The undersigned referred the motion to Judge Reinhart pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules.  Judge Reinhart found that Defendant Withrow had not met his burden of establishing by a preponderance of the evidence that federal jurisdiction exists" because Defendant's own Statement of Claim, included in his notice of removal, confirms that this is an action to quiet title under state property law.  [ECF No. 18 at 2].  A review of the Statement of Claim and the state court complaint confirms that assessment.  [ECF No. 1 at 5; ECF No. 1-2 at 11–14].  Withrow timely filed objections to the R&R.  [ECF No. 20].

Having reviewed and considered the R&R, the Objections, the parties' papers, the relevant portions of the record, and the applicable law, the Court concludes that the R&R is well-founded, consistent with the evidence presented, and supported by the law. Accordingly, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation [ECF No. 18] and **AFFIRMS** the recommendations on the pending motion [ECF No. 9]. Defendant's Objections [ECF No. 19] to the R&R are **OVERRULED** for the reasons discussed below.

## STANDARD OF REVIEW

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" to accept the recommendation. Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment, subdivision (b).

## DISCUSSION

Whether removal is proper depends on whether the case originally could have been filed in federal court. *Comprehensive Health Mgmt., Inc. v. Halstead*, No. 8:12-CV-905-T-30AEP, 2012 WL 13106427, at *1 (M.D. Fla. May 11, 2012). Generally, a civil case may only be brought in federal court if it raises a question of federal law, 28 U.S.C. § 1331, or if the parties to the suit are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. When reviewing a motion to remand, the party seeking removal has the burden of establishing that subject matter

2

jurisdiction exists and that removal is appropriate. *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994). Removal jurisdiction is construed narrowly, and any doubts regarding the existence of federal jurisdiction are resolved in favor of the non-removing party. *Pacheco de Perez v. AT & T Co.,* 139 F.3d 1368, 1373 (11th Cir. 1998).

## RULING ON OBJECTIONS

I. ***Wilkins v. United States*** **does not justify removal of this action to federal court.**

Defendant appears to argue in his Objections that the Supreme Court's recent ruling in *Wilkins v. United States*, 598 U.S. 152 (2023), announced a new "specific procedural rule" that justifies the removal of this action to federal court. [ECF No. 20 at 2]. That argument is incorrect and unresponsive to Judge Reinhart's findings and recommendations. *Wilkins* concerned an action brought by landowners against the United States government under the Quiet Title Act, a federal statute, to challenge the scope of an easement maintained by the government on the road abutting the plaintiffs' property. 508 U.S. at 155–56. The issue in that case was whether the Quiet Title Act's statute of limitations was jurisdictional in nature. *Id.* at 156. Jurisdiction in that case arose under 28 U.S.C. § 1346, which grants federal district courts original jurisdiction over cases in which the United States is named as a defendant. *Id.* at 159. The holding in *Wilkins*—that the Quiet Title Act's statute of limitations is a "nonjurisdictional claims-processing rule"—has nothing to do with the instant case, in which Plaintiff asserts a quiet title action under state law. *Id.* at 165. Accordingly, this objection is OVERRULED.

II. **Withrow's claims that the state court has violated or will violate his rights to due process and equal protection do not justify removal to federal court.**

Withrow asserts that remanding this case to state court will violate his rights to due process and equal protection under the Fifth and Fourteenth Amendments. [ECF No. 20 at 9]. Even if that were true, it does not alter the remand analysis, which looks to the plaintiff's well-pleaded claims, not a defendant's counterclaims or affirmative defenses. *Millenia Gallery, LLC v. Mosaic Legends, LLC*, No.

610CV872ORL22GJK, 2010 WL 11626846, at *3 (M.D. Fla. June 22, 2010) (quoting Charles Alan Wright, Arthur R. Miller & Edward Cooper, Federal Practice And Procedure: Jurisdiction 3d § 3731 (1998)) ("'[T]he basic principle [is] that defendants may remove only on the basis of claims brought *against* them and not on the basis of counterclaims, cross-claims, or defenses asserted by them."). Accordingly, this objection is OVERRULED.

## CONCLUSION

In view of the foregoing and upon due consideration, it is hereby **ORDERED AND ADJUDGED** as follows:

- The Magistrate Judge's Report and Recommendation [ECF No. 18] is **ADOPTED AND AFFIRMED** and fully incorporated herein.

- The Motion to Remand [**ECF No. 9**] is **GRANTED**.

- Defendant's Objections [ECF No. 19] are **OVERRULED**.

- The Clerk of Court is instructed to **CLOSE** this case. All existing deadlines are **TERMINATED** and pending motions, if any, are **DENIED AS MOOT**.

**DONE AND ORDERED** in the Southern District of Florida on August 6, 2025.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:    counsel of record